UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-

JOB RODRIGUEZ,

    Defendant.

-------------------------------------------------------x

No. 08 Cr. 888 (LTS)

### MEMORANDUM ORDER

    The Defendant in the above-captioned action moves this Court for an order, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, dismissing one or more counts in the indictment. The Court has reviewed thoroughly the parties' submissions. For the following reasons, Defendant's motion is denied.

    Count One of the indictment charges Defendant with unlawfully, intentionally and knowingly distributing and possessing with intent to distribute (hereinafter "distribute") mixtures and substances containing 100 grams or more of heroin on October 5, 2006, and October 27, 2006, in violation of 21 U.S.C. §§ 812, 841(a) and 841(b)(1)(B). Count Two of the indictment charges Defendant with distributing mixtures and substances containing a detectable amount of cocaine on October 5, 2006, in violation of 21 U.S.C. §§ 812, 841(a) and 841(b)(1)(C).

    Defendant asserts, and the Government does not dispute, that the indictment is premised on the Government's allegations that Defendant distributed pills containing a mixture of heroin and cocaine on October 5, 2006, and that Defendant distributed mixtures and substances containing heroin on October 27, 2006. Defendant argues that Count One is duplicitous because it combines two distinct criminal violations in one count, and that Counts One and Two are multiplicitous because they charge Defendant twice for distribution of the same items.

Because the Government has represented that it will submit to a grand jury a Superseding Indictment separating the two distributions charged in Count One into two separate counts, Defendant's motion is denied as moot to the extent it seeks dismissal of Count One as duplicitous, without prejudice to renewal of the motion in the absence of a timely Superseding Indictment.

Defendant's argument that Counts One and Two are multiplicitous, however, must be rejected on the merits. The Second Circuit has made it clear that separate counts may be charged under 21 U.S.C. § 841(a) for a single act of possession with intent to distribute multiple types of drugs. See United States v. DeJesus, 806 F.2d 31, 35 (2d Cir. 1986); United States v. Ansaldi, 372 F.3d 118, 126 n.5 (2d Cir. 2004) ("the general rule is that a defendant can be punished for two violations of 21 U.S.C. § 841 arising from one act of possession or distribution of multiple controlled substances") (citing DeJesus). Because the act of distributing pills containing a mixture of heroin and cocaine on October 5 constitutes a violation of two distinct statutory provisions, and each statutory provision requires proof of a fact which the other does not, namely, the type of drug involved in the distribution, there is no multiplicity. See id. (applying Blockburger v. United States, 284 U.S. 299 (1932)).

For the foregoing reasons, Defendant's motion is denied. The Clerk of Court is respectfully requested to terminate Docket Entry No. 19.

SO ORDERED.

Dated:   New York, New York
         February 2, 2009

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge